```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SOLDON WINTON                   :      CIVIL ACTION
                                :
         v.                     :
                                :
TRANS UNION, LLC, et al.        :      NO. 18-5587
```

MEMORANDUM

Bartle, J.                                          August 26, 2019

Plaintiff Soldon Winton ("Winton") commenced this action for violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 et seq., against defendants Trans Union, LLC, Department Stores National Bank, First Premier Bank ("First Premier"), OneMain Financial Group, LLC, PAAC Transit Division Federal Credit Union, Pittsburgh Central Federal Credit Union, Synchrony Bank, and Citibank, N.A. We previously granted the motion of First Premier to compel arbitration and to stay proceedings. Before the court is the motion of Winton to require First Premier Bank to initiate arbitration and to bear all costs of arbitration.

Arbitration is appropriate "[s]o long as the prospective litigant effectively may vindicate [his or her] statutory cause of action in the arbitral forum." Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 28 (1991) (quoting Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 637 (1985)). A party may seek to "invalidate an arbitration agreement on the ground that arbitration would be

prohibitively expensive." Green Tree Fin. Corp. v. Randolph, 531 U.S. 79, 92 (2000). To do so, a plaintiff must come forward with evidence to show: (1) the projected fees that would apply to the arbitration; and (2) an inability to pay those costs. Id.; see also Parilla v. IAP Worldwide Servs. VI, Inc., 368 F.3d 269, 283-85 (3d Cir. 2004); Alexander v. Anthony Int'l, L.P., 341 F.3d 256, 268-69 (3d Cir. 2003). The party seeking to invalidate the arbitration agreement bears the burden of showing that arbitration would be prohibitively expensive. Green Tree Fin. Corp., 531 U.S. at 92.

On April 12, 2019, First Premier moved to compel arbitration. In his response in opposition to the motion to compel, Winton asserted that he could not afford to pay the costs of arbitration and that First Premier should be ordered to pay those costs. However, Winton failed to provide any evidence regarding his financial situation and the projected arbitration fees that would apply in his case. On May 1, 2019, this court granted the motion of First Premier to compel arbitration. We declined to consider Winton's request in his opposition brief to require First Premier to initiate arbitration and to bear all costs of arbitration given that Winton had failed to submit any evidence to support his position and had failed to file a motion seeking such relief. Shortly thereafter, Winton filed the instant motion to require First Premier to initiate arbitration and to bear all

costs of arbitration.  In light of this motion, this court permitted the parties to engage in discovery and to submit supplemental briefing, pursuant to the Supreme Court's decision in Green Tree, regarding the potential costs of arbitration and Winton's ability to pay those costs.  Essentially, Winton seeks reconsideration of our memorandum and order to the extent we granted the motion to compel arbitration without considering the projected costs of arbitration and his ability to pay.

In support of his motion, Winton has submitted an affidavit stating that his fixed monthly expenditures exceed his monthly income and thus he has no discretionary income to pay for the expenses of arbitration.  He reports that he has a current total monthly income of $3,900, which consists of social security benefits and a pension.  While he has not provided any specifics, he states that he has "fixed monthly expenditures" of $5,998.  Although the affidavit is somewhat conclusory, First Premier has not challenged this evidence.

Winton does not seek to invalidate the arbitration agreement with First Premier on the basis of cost but rather seeks to compel First Premier to initiate arbitration with the Judicial Arbitration and Mediation Services, Inc. ("JAMS") and to require First Premier to bear all costs of the arbitration, including any fees and expenses payable to the arbitrator or the arbitration association as well as his attorneys' fees and costs.

The parties' arbitration agreement provides in pertinent part:

>**Expenses**:  Regardless of who demands arbitration, we will pay all expenses of arbitration, including the filing, administrative, hearing and arbitrator's fees ("Arbitration Fees"), to the extent that the Arbitration Fees exceed the amounts you would be required to pay for filing a lawsuit in a court.  Throughout the arbitration, each party shall bear his or her own attorney fees and expenses, such as witness and expert witness fees.  If you prevail in the arbitration of any Claim against us, we will reimburse you for any fees you paid to the arbitration organization in connection with the arbitration.
>
> * * *
>
>**Arbitration Location and Procedure**:  Any arbitration hearing at which you wish to appear will take place at a location within the federal judicial district that includes your billing address at the time the Claim is filed.  The party bringing the Claim may file its Claim at the American Arbitration Association ("AAA"), or an arbitration organization mutually agreed upon by the parties. . . .  If you do not agree to file your claim with AAA, and the parties cannot agree on an alternative arbitration organization, an arbitrator will be appointed by a court pursuant to the Federal Arbitration Act.
>
> * * *
>
>**The Arbitrator's Award**:  The arbitrator has the ability to award to the prevailing party all remedies available at common law, by statute or in equity, including injunctive relief, declaratory relief, arbitration costs and attorney fees.

We begin with Winton's request to require First Premier to arbitrate before JAMS.  As noted above, the arbitration agreement requires that the parties arbitrate any claim with AAA unless they mutually agree to another organization.  First Premier has not agreed to Winton's request to arbitrate before JAMS.  Winton has not offered good cause for his objection to AAA but asserts only that he "prefers JAMS because the selection of arbitrators to be chosen are of a very high caliber, including former Federal Judges."  We decline to contradict the plain language of the arbitration agreement and compel the parties to arbitrate this dispute before JAMS when they have not mutually agreed to do so.

We next consider Winton's request to require First Premier to initiate arbitration and to pay all costs of arbitration.  Under the arbitration agreement, First Premier is obligated to pay all arbitration fees to the extent those fees exceed the fee for filing a complaint in this court, which is currently set at $400, regardless of which party initiates the arbitration.  The AAA Consumer Arbitration rules provide that Winton would pay a $200 filing fee to initiate arbitration, unless the parties' agreement provided that he pay less.  See American Arbitration Association, Consumer Arbitration Rules, 33-36 (Sept. 2018), https://www.adr.org/sites/default/files/Consumer_Rules_Web_0.pdf

Case 2:18-cv-05587-HB   Document 89   Filed 08/27/19   Page 6 of 7

All other arbitration fees, including case management fees, the arbitrator's compensation and expenses, hearing fees, and any rental fees for hearing rooms would be borne by First Premier. See id. If First Premier initiates arbitration, Winton would pay nothing.[1]  See id.  In any event, First Premier has agreed to pay the entire $200 AAA filing fee should Winton initiate arbitration.  Thus, Winton will not be responsible for any arbitration fees regardless of which party initiates the arbitration and his motion to require First Premier to initiate arbitration is moot.

We also reject Winton's motion to the extent he seeks to compel First Premier to pay his attorneys' fees and costs in arbitration.  The arbitration agreement provides that the parties will bear their own attorneys' fees and costs.  However, the agreement further states that the arbitrator may award to Winton any remedies available under common law, statute, or at equity.  The statute under which Winton has brought suit, the

---

1. In support of his motion, Winton has projected that he would be required to bear approximately $20,000 to $25,000 in costs and fees for the arbitration, including $15,000 to $20,000 in attorneys' fees, $1,500 in arbitration filing fees, and $5,000 to retain the arbitrator.  To substantiate this estimate, Winton has submitted an affidavit from counsel stating merely that JAMS requires a $1,500 filing fee for a consumer arbitration and "further fees based upon the choice of arbitrator."  Moreover, his estimate regarding his share of arbitration fees is contradicted by the plain language of the arbitration agreement and the AAA's Consumer Arbitration Rules.  Accordingly, we will disregard Winton's calculation.

FCRA, states that a court may award to a prevailing plaintiff the costs of the action together with reasonable attorney's fees.  See 15 U.S.C. §§ 1681n & 1681o.  Thus, regardless of whether Winton's claims are heard in this court or in arbitration, he would be required to bear his own attorneys' fees and costs but may be entitled to recover these expenditures should he prevail.  We see no basis to rewrite the parties' agreement and place Winton in a better position than he would have in the federal court.

Accordingly, the motion of Winton to require First Premier to initiate arbitration and to bear all costs of arbitration is being denied.